POWERS v. RIESER.

(Supreme Court, Appellate Term. March 16, 1910.)

**1. APPEAL AND ERROR (§ 232*)—OBJECTIONS—INSTRUCTIONS—NECESSITY.**

Where a charge that a witness was the only disinterested witness was excepted to on the ground that he was interested, the exception was sufficient to sustain a contention on appeal that the charge was erroneous because the witness was not the only disinterested witness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1430; Dec. Dig. § 232;* Trial, Cent. Dig. § 691.]

**2. TRIAL (§ 187*)—INSTRUCTIONS—EVIDENCE.**

Where a witness was shown to be intimately related in business matters with one interested in the outcome of the litigation, it was error to instruct that he was the only disinterested witness, since this might indicate to the jury that his version was to be accepted by them, rather than that of defendant's attorney.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 418; Dec. Dig. § 187.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On rehearing. Former opinion reversed, and judgment reversed, and new trial ordered.

For former opinion, see 120 N. Y. Supp. 819.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

J. Sidney Bernstein (M. Spencer Bevins, of counsel), for appellant. George R. Bristor, for respondent.

PER CURIAM. The trial justice charged that:

"The only really disinterested witness is Mr. Atterbury, who has explained his version of the transaction to you in the witness stand. It is for you to say whom you believe in this matter, and to decide the case accordingly."

The error of the trial justice did not consist in calling Mr. Atterbury a disinterested witness, for his business association with a party financially interested did not give him a direct personal interest in the result, though it may have unconsciously influenced his view of the transaction. The error consisted in his stating that he was the only really disinterested witness, under such circumstances that he indicated to the jury that his version was to be accepted by them, rather than that of the defendant's attorney. Upon a careful consideration of the case, we have reached the conclusion that this charge is erroneous, and that the defendant's exception was sufficient, not only to point out the distinct portion of the charge to which he objected but also the reason for the objection, because "the evidence shows that he is intimately related to Mr. Oserman in matters of business." Certainly the attorney could have elaborated on his reasons, and stated that, because of Mr. Atterbury's relations to Mr. Oserman, the jury might have considered his testimony no more trustworthy than his own; but no reasons or argument are necessary to make good an exception to a portion of a charge. Obviously, where reasons are given, they should not be so stated that they mislead the justice as to the real basis of the exception; but our first view that this was the case here, and that the defendant raised the real point of his exception only upon this appeal, has been modified upon further consideration.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.